COMMONWEALTH *vs.* MINOT THAYER 2d.

Where one is licensed as a ' taverner,' under Rev. Sts. *c.* 47, § 21, to sell fermented liquor only, he cannot be convicted of selling spiritous liquor, on an indictment which alleges that he sold it ' without being duly licensed as an innholder.' In such case, the indictment should allege that the defendant, being licensed as an innholder, with authority to sell fermented liquor only, did sell spiritous liquor.

THIS was an indictment on § 2 of *c.* 47 of the Rev. Sts. alleging that the defendant, " without being duly licensed as an innholder," did, at Milton, on, &c. sell brandy to one Belcher, to be used in the dwellinghouse of the defendant.

It appeared, at the trial in the court of common pleas, that the defendant, at the time of the alleged sale, was duly licensed as a " taverner " ; but that his license was so framed as to authorize him to sell wine, or any other fermented liquor, and not to authorize him to sell brandy, or any other spiritous liquor ; and thereupon the defendant objected, that there was a fatal variance between the allegation and the proof. This objection was overruled by the court, and evidence was then introduced to prove the selling alleged in the indictment ; and the defendant, being found guilty by the jury, alleged exceptions to the ruling of the court.

*Hallett*, for the defendant.

*Austin*, (Attorney General,) for the Commonwealth.

DEWEY, J. The indictment alleges that the defendant was not duly licensed as an innholder. The proof in the matter, as it seems to us, does not support this broad allegation. The form of the indictment is that which is usually adopted, in prosecutions for selling spiritous liquors, against those who have no species of license as innholders. But the licenses, granted under the Rev. Sts. *c.* 47, § 21, do render the persons receiving such licenses innholders to a certain extent. They are so described in the statute, and have the general powers and privileges of innholders, being restrained only in the particular matter of selling spiritous liquors. We think, therefore, that the exception taken to the sufficiency of the evidence to sustain the present indictment, in its general and unqualified allegation that the defendant was not licensed as an innholder, must prevail.

We are of opinion, however, that the statute itself prohibits persons, who have only a license " to sell wine, beer, ale, cider and other fermented liquors," from selling spiritous liquors, and that they are liable to the penalties of the statute, if they violate the law in this respect; but in such cases, the indictment must describe truly the facts, reciting that the defendant, being only licensed as an innholder, with authority to sell wine, beer, ale, cider and other fermented liquors, did, in violation of law, sell spiritous liquors; accompanying the allegation with the other usual necessary averments. *Verdict set aside.*